# Riegel's Appeal.

If letters of administration have been granted to a stranger because of the minority of all persons entitled as kindred to administer upon the estate, the register has power to revoke such letters at the instance of one of the latter as soon as he becomes of age.

The widow cannot renounce her right of administration in favor of a stranger, against any child of the decedent who is competent and willing to act.

If any one of the kindred of an intestate interested in his personal estate is competent and willing to take the administration, the widow and a majority of the kindred combined cannot authorize the grant of administration to a stranger.

(Decided March 15, 1886.)

Appeal from a decree of the Orphans' Court of Berks County revoking letters of administration.  Reversed.

The facts sufficiently appear in the opinion.

*Bland & Dettra* and *Isaac Hiester,* for appellant.—The widow is entitled to administer upon the estate of her deceased husband; and, if she renounces, the register may select from the children or next of kin, preferring males to females; but the widow or next of kin, or both combined, cannot pass by one of the children or next of kin competent and willing to take the administration, and vest it in a stranger.  McClellan's Appeal, 16 Pa. 110; Brittain's Appeal, 1 Am. L. J. 426; Able's Estate, 1 Legal Gaz. Rep. 420; Guldin's Estate, 81* Pa. 362; Williams's Appeal, 7 Pa. 259.

The statute of 21 Hen. VIII. chap. 5, which in relation to persons entitled to administration is the same as the act of 1832, places the widow and next of kin on the same platform.  Under

NOTE.—Where a renunciation is made on condition that a certain person be allowed to administer the estate, the release of the right is not absolute, but on condition that such a person be permitted to act.  McClellan's Appeal, 16 Pa. 110; Gause's Estate, 1 Chester Co. Rep. 105.  And where the right to administer is released in favor of another, to whom letters are not granted, the right to administer remains.  Shomo's Appeal, 57 Pa. 356; Swart's Estate, 189 Pa. 71, 41 Atl. 1000.  Where the register of wills has erroneously issued letters of administration to a person not legally entitled to them, the orphans' court has power to vacate the letters granted, and to direct the register to issue letters to the proper person.  Padelford's Estate, 189 Pa. 634, 42 Atl. 287.

the construction given to that act, the ordinary or register in the state grants administration of the effects of the husband to the widow or next of kin; or he may grant it to either or both, at his discretion. McClellan's Appeal, 16 Pa. 115; Gyger's Estate, 65 Pa. 311.

Where there are two or more of the same class, the register may grant letters to two or more of them jointly, or to one alone, at his discretion, which will not be reviewed by the orphans' court or the supreme court, unless there be a manifest abuse of power. Brubaker's Appeal, 10 W. N. C. 251.

The register has power to revoke letters improvidently granted against the rights of those legally entitled thereto. McCaffrey's Estate, 38 Pa. 331; Shomo's Appeal, 57 Pa. 356; Bieber's Appeal, 11 Pa. 157; Brubaker's Appeal, 10 W. N. C. 251.

Prima facie rights to priority of administration, established by acts of assembly, may be controlled and disregarded by evidence of incompetency or unfitness from any cause, of which the register is to be the judge. Hassinger's Appeal, 10 Pa. 454.

The appellant was under the age of twenty-one years at the time the letters were granted to Denhard. Upon his arrival at the age of twenty-one years it was lawful for the register, at his instance, to terminate Denhard's administration. Act of March 15, 1832, § 23.

*H. O. Schrader* and *Ermentrout & Ruhl* for appellees.

OPINION BY MR. JUSTICE TRUNKEY:
The statute provides that, when all the persons entitled, as kindred, to administration of a decedent's estate, are under the age of twenty-one years, the register shall grant administration to any fit person, subject to be terminated at the instance of any of the said minors upon arrival at the full age of twenty-one years. Therefore, though the condition was not inserted in the letters issued to John Denhard, he took subject to the condition expressed in the statute. His fitness for the trust is conceded, and the power of the register to appoint him, under the facts existing at the date of the appointment, is admitted; but the oldest son of the decedent, having reached majority, demands administration.

In due course of procedure, at the instance of William Riegel

the letters of administration which had been issued to Denhard were terminated by a decree of the register, for the sole reason that, since the date of their issue, said Riegel, one of the children of the decedent, had become twenty-one years of age. The register has power to revoke letters of administration improvidently granted against the rights of those legally entitled thereto. This is settled by numerous adjudications. Clearly, he has the same power when the letters were issued subject to be terminated as soon as any of the next of kin of .the decedent should become of age.

Upon hearing, the register being satisfied of the fitness of William Riegel to perform the duties of the trust, granted him the administration. John Denhard and Ellen Riegel entered separate appeals to the orphans' court. It is difficult to guess on what ground the appeals were sustained; we discover none in the record. If Ellen Riegel was the wife of Jacob R. Riegel, she cannot renounce her right of administration in favor of a stranger against any child of the decedent who is competent and willing to act. In case of revocation of letters issued to her appointee she might have claimed administration herself, but it does not appear that she did. Certainly the orphans' court did not understand that she appealed because letters had been denied to her. In both cases the decrees are alike; each revokes the letters issued to the son of the decedent and reinstates the letters which had been issued to the stranger. This ill accords with the statute, which requires the register to grant letters to the widow of the intestate, or some one or more of his kindred interested in his personal estate, unless in case of the refusal or incompetency of every such person. It is settled as well as a uniform current of decisions can settle anything, that, if any one of the kindred of an intestate, interested in his personal estate, is competent and willing to take the administration, the widow and a majority of the kindred combined cannot authorize the grant of administration to a stranger. This right of the kindred is secured even when all the kindred are incompetent by reason of minority, in the provision for grant of letters subject to be terminated when the kindred arrive at majority.

Decree reversed, and the letters granted by the register to William Riegel restored; the appellee, John Denhard, to pay costs of appeal.